

JUDGE CASTEL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
TMT BULK CO. LTD.,                              :

            Plaintiff,                  :        08 CV _____

    - against -                                 :

BRADE CARRIERS INC. AND KIRWYN                  :
SHIPPING LIMITED,
                         :

            Defendants.
------------------------------------------------------------X

## VERIFIED COMPLAINT

The Plaintiff, TMT BULK CO. LTD. (hereinafter "Plaintiff"), by its attorneys, Tisdale

Law Offices, LLC, as and for its Verified Complaint against the Defendants, BRADE

CARRIERS INC. (hereinafter "Brade") and KIRWYN SHIPPING LIMITED (hereinafter

"Kirwyn")(collectively referred to as "Defendants") allege, upon information and belief, as

follows:

    1.    This is an admiralty and maritime claim within the meaning of Federal Rule of

Civil Procedure 9(h) and 28 United States Code § 1333.

    2.    At all material times, Plaintiff was and still is an entity duly organized and

existing by virtue of foreign law with a principal place of business in Taipei City, Taiwan.

    3.    Upon information and belief, at all material times, Defendant Brade was and still

is an entity duly organized and existing by virtue of foreign law with a principal place of

business in Liberia.

4.     By a charter party dated December 7, 2007, Plaintiff chartered the motor vessel "YARITAMOU" (hereinafter the "Vessel") to the Defendant Brade, as charterer, for the carriage of a cargo of 150,000 mts iron ore, more or less 10% in TMT's option, from Brazil to China.

5.     Certain disputes arose between the parties regarding Defendant Brade's wrongful rejection of TMT's Vessel nomination in breach of the charter party.

6.     Specifically, TMT chartered the Vessel on or about January 30, 2008 to perform the above referenced charter party.

7.     On or about January 31, 2008, TMT nominated the Vessel to perform the charter party. However, on or about February 4, 2008, Brade rejected TMT's nomination in breach of the charter party.

8.     Pursuant to the freight rates specified in the charter party less TMT's agreement to reduce same by $5/mt, the net freight TMT would have earned on the charter is $14,578,987.50.

9.     On or about February 5, 2008, TMT entered into an alternative fixture for the Vessel to mitigate their losses. The total freight earned by TMT on this substitute fixture is $9,496,960.00.

10.     As a result of Brade's breach of the charter party contract, Plaintiff will suffer losses in the total principal sum of $4,892,690.00, as best can now be estimated, exclusive of interest, recoverable costs and reasonable attorneys fees. *See Chun Fa Liu's Letter Statement of Claim annexed hereto as Exhibit "1."*

11.     Pursuant to the charter party, all disputes arising thereunder are to be submitted to arbitration in London with English law to apply.

12.    In accordance with the charter party, the plaintiff will soon commence arbitration in London and appoint its arbitrator.

13.    Interest, costs and attorneys' fees are routinely awarded to the prevailing party in London proceedings pursuant to English Law.  As best as can now be estimated, Plaintiff expects to recover the following amounts in arbitration:

| | | |
|---|---|---|
| A. | Principal claim: | $4,892,690.00 |
| B. | Estimated interest on the principal claim at 7.5% for three years | $1,223,029.71 |
| C. | Attorneys fees and arbitration costs: | $250,000.00 |
| Total: | | **$6,365,719.70** |

14.    Defendant Kirwyn is the alter ego of Defendant Brade because Brade dominates and disregards Kirwyn's corporate form to the extent that Brade is actually carrying on the business and operations of Kirwyn as if the same were its own.

15.    Upon information and belief, Defendant Kirwyn is a shell-corporation through which Defendant Brade conducts its business.

16.    Upon information and belief, Defendant Kirwyn has no separate, independent identity from Defendant Brade.

17.    Upon information and belief, the Plaintiff has diligently searched for Kirwyn in the shipping industry, online and through the Hong Kong corporations registry and found no entities named "Kirwyn Shipping Limited."

18.    Upon information and belief, Defendant Kirwyn acts as paying agent, or receiving agent, or arranges for other non-parties to satisfy the debts and obligations of Defendant Brade and/or receive payments being made to Defendant Brade.

19.    Although Kirwyn was not named in the charter parties, and had no formal relationship to the charters of the Vessel, the charter hire statement requests that that hire be paid to Kirwyn's bank account. *See Charter Hire Statement annexed hereto as Exhibit "2."*

20.    Furthermore, Brade's brokers have represented to the Plaintiff that their new bank details are in favour of "Kirwyn Shipping Limited." *See Email dated November 22, 2005 annexed hereto as Exhibit "3."*

21.    Upon information and belief, Defendant Brade uses Defendant Kirwyn as a "pass through" entity such that it can insulate itself from creditors relating to its commercial obligations.

22.    It is not common practice in the maritime industry for an independent company to pay another company's debt, where it has no formal relationship to the underlying charter parties.

23.    The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendants have, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of garnishees including, but not limited to, ABN-AMRO, American Express Bank, Bank of America, Bank of New York, Deutsche Bank, Citibank, HSBC Bank USA Bank, J.P. Morgan Chase, Standard Chartered Bank and/or Wachovia Bank N.A., which are believed to be due and owing to the Defendant.

24.    The Plaintiff seeks an order from this Court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims attaching any assets of the Defendant held by

the aforesaid garnishees for the purpose of obtaining personal jurisdiction over the Defendant,

and to secure the Plaintiff's claims as described above.

     **WHEREFORE**, Plaintiff prays:

     A.     That process in due form of law issue against the Defendants, citing them to

appear and answer under oath all and singular the matters alleged in the Complaint;

     B.     That since the Defendants cannot be found within this District pursuant to

Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue

an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment

pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims and

federal common law attaching all tangible or intangible property in whatever form or any other

funds held by any garnishee, including, but not limited to, ABN-AMRO, American Express

Bank, Bank of America, Bank of New York, Deutsche Bank, Citibank, HSBC Bank USA Bank,

J.P. Morgan Chase, Standard Chartered Bank and/or Wachovia Bank N.A. which are due and

owing to the Defendants, in the amount of **$6,365,719.70** to secure the Plaintiff's claims, and that

all persons claiming any interest in the same be cited to appear and pursuant to Supplemental

Admiralty Rule B answer the matters alleged in the Verified Complaint;

     C.     That this Court recognize and confirm any foreign judgment/award of costs on the

claims had herein as a judgment of this Court;

     D.     That this Court retain jurisdiction over this matter through the entry of any

judgment or award associated with any of the claims currently pending, or which may be

initiated in the future, including any appeals thereof; and

E.    That the Plaintiff have such other, further and different relief as the Court

may deem just and proper.

Dated: April 11, 2008
       New York, New York

The Plaintiff,
TMT BULK CO. LTD.,

By:  _____
     Lauren C. Davies (LD 1980)
     Thomas L. Tisdale (TT5263)
     TISDALE LAW OFFICES, LLC
     11 West 42nd Street, Suite 900
     New York, NY 10036
     (212) 354-0025 (Phone)
     (212) 869-0067 (Fax)
     ldavies@tisdale-law.com
     ttisdale@tisdale-law.com

–6–

## ATTORNEY VERIFICATION

State of Connecticut )
                     )     ss: SOUTHPORT
County of Fairfield  )

1.  My name is Lauren C. Davies.

2.  I am over 18 years of age, of sound mind, capable of making this Verification and fully competent to testify to all matters stated herein.

3.  I am the attorney for the Plaintiff in this action. I am fully authorized to make this Verification on its behalf.

4.  I have read the foregoing Verified Complaint and the contents thereof are true and accurate to the best of my knowledge, information and belief.

5.  The reason that this Verification was made by me and not the Plaintiff is that the Plaintiff is a corporation none of whose officers are present in this District.

6.  The source of my knowledge is information and records furnished to me by the Plaintiff and its counsel, all of which I believe to be true and accurate.

Dated: April 11, 2008
       Southport, Connecticut

_____
Lauren C. Davies

# EXHIBIT 1

**T M T**

Today Makes Tomorrow™

**TMT BULK**

2F., No.126, Sec. 1, JianGuo N. Rd.,
Zhongshan District, Taipei City 104, Taiwan

Dear Sirs,

Re: Charterparty dated 7 December 2007 between TMT Bulk Co Ltd and Brade Carriers Inc

This letter justifies the claim of TMT Bulk Co Ltd ("Owners") against Brade Carriers Inc ("Charterers").

Under the above charter, Owners agreed to provide a vessel to carry 150,000 mts of iron ore, more or less 10% in Owners' option, from Brazil to China. The agreed freight rate for discharge at Qingdao was US$96.80/mt. At Charterers' request, Owners later agreed (orally) to reduce the freight rate by US$5/mt. On this basis, Owners calculate that the net freight they would have earned is US$14,578,987.50. This is calculated as follows:

(150,000 mt + 15,000 mts [10%]) x (US$96.80/mt - US$5.00/mt) = US$15,147,000
Less 5% total commission = US$14,389,650

On 30 January 2008, Owners chartered in MV *Yaritamou* specifically to perform this fixture. On 31 January 2008, Owners wrote to Charterers nominating MV *Yaritamou* to perform this fixture. On 4 February, Charterers wrongfully and in breach of the Charter rejected Owners' nomination.

On 5 February 2008, in mitigation of their losses, Owners entered into an alternative fixture for the MV *Yaritamou* for the carriage of 176,000 metric tons of iron ore from Brazil to either Qingdao or Rizhao, China. The gross freight rate under this fixture was US$56.80/mt. The freight earned by Owners on this substitute fixture is calculated as follows:

176,000 mt x US$56.80/mt = US$ 9,996,800
Less 5% total commission = US$9,496,960.00

Based on the above, Owners losses arising from Charterers' unlawful rejection of the MV *Yaritamou* are US$4,892,690 plus interest and costs.

Yours faithfully,

President: Chun Fa Liu

# EXHIBIT 2

15/12/05

```
------------------------
CHARTER HIRE STATEMENT
------------------------
```

STM No.
Acct No.K-34-363-110-D

Re:   mv FAR EASTERN MARINA C/P DD17/11/05                VOY-0506

TO: TMTBULK CO., LTD. TAIPEI
FM: BRADE CARRIERS INC.

PLEASE FIND FOLLOWING STATEMENT FOR CHARTER HIRE COVERING THE PERIOD:
FM 0348 17/12/05     TO 0348 01/01/06     =  15.0000 DAYS
ACTUAL CHARTER PERIOD:                    =  15.0000 DAYS


CHARTER HIRE : (USD)22,000 PER DAY                                330,000.00
LESS ADD COMM  3.75%                          12,375.00
LSM CAB/ENT/VITC      USD 1,250 PER 30 DAYS                           625.00
ON-HIRE B+C SVY EURO 500/3=166.67 EX.@1.17                            195.00
REFUND BROKER WALLEM 1.25% (SETTLE FM BCI)                         4,125.00
                                              ------------------------------
                                              12,375.00    334,945.00
AMOUNT DUE TO  OWNERS                        322,570.00          0.00
                                              ------------------------------
                                              334,945.00    334,945.00

SAY: U.S.D.THREE HUNDRED TWENTY TWO THOUSAND FIVE HUNDRD SEVENTY ONLY.


PAYABLE TO:
ICBC (ASIA)
HONG KONG
SWIFT: UBHKHKHH
IPO: KIRWYN SHIPPING LIMITED
USD A/C NO. 701-040-0044351


E. & O.E.

# EXHIBIT 3

-----Original Message-----
From: fannie [mailto:fannie@wallem.com.tw]
Sent: Tuesday, November 22, 2005 2:12 PM
To: Karin Hsieh
Cc: KKLi; jplee@wallem.com.tw; jeffrey
Subject: RE: MV FE MARINA/TMTBULK - NEW BANK CHANNEL


FROM: TAIWAN WALLEM / FANNIE LIN
TEL: (886) 2-2570 8166 EXT 202
DIR LINE: (886) 2-2578 9637
MOBILE: (886) 968 460988
FAX: (886) 2-2570 1905 / 1906
EMAIL: mailto:chartering@wallem.com.tw

KARIN/FANNIE

RE: MV FE MARINA/TMTBULK - NEW BANK CHANNEL

FM OWRS:

PLS FIND DISPONENT OWNERS (BRADE CARRIERS INC.) NEW BANK DETAILS ASF:

ICBC (ASIA)
HONG KONG
SWIFT: UBHKHKHH
IN FAVOUR OF: KIRWYN SHIPPING LIMITED
USD A/C NO.701-040-004351

VSL ETA GHENT P/STN 25TH NOV ETD 28TH NOV 2005 IF AGW/WP FOR DELIVERY

+++

TKS & RGDS
FANNIE LIN / TAIWAN WALLEM